<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4338**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEGRANDE HARLEY, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Frank W. Bullock, Jr., District Judge.  (CR-02-309)

———————————

Submitted:  August 28, 2003       Decided:  September 3, 2003

———————————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Legrande Harley, Jr., appeals from his eighty-seven month sentence imposed following his guilty plea to possession of a firearm by a convicted felon. Harley's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but asserting that the district court imposed too severe a sentence. Harley was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm in part and dismiss in part.

We find that Harley's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Harley was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Harley challenges the severity of the sentence imposed. We find that the district court properly computed Harley's offense level and criminal history category and correctly determined the applicable guideline range of seventy to eighty-seven months. The court's imposition of a sentence within the properly calculated range is not reviewable. United States v. Jones, 18 F.3d 1145, 1151

(4th Cir. 1994).  Accordingly, we dismiss this portion of the appeal.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Harley's conviction and sentence.  We deny Harley's attorney's motion to withdraw as counsel at this time.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>